

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                                 :
                                                       :
CRAIG B. ROSEN,                                        :
                                                       :
     Debtor.                   :
_____          :
                                                       :
UNITED STATES OF AMERICA                  :          CIVIL ACTION
                                                       :
     Appellant,               :
                                                       :
    v.                              :          No. 16-507
                                                       :
TERRY DERSHAW, CHAPTER 7 TRUSTEE    :
                                                       :
     Appellee.                :
_____          :

**FILED**

NOV ┼ 2016

LUCY V. CHIN Interim Clerk
By _____ Dep. Clerk

**Goldberg, J.**                                      **November 9, 2016**

### MEMORANDUM OPINION

     This bankruptcy appeal stems from an Internal Revenue Service ("IRS") investigation into payments made to a company owned by Chapter 7 Debtor, Craig B. Rosen ("Debtor"), before his bankruptcy filing in the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court"). While administering the estate during the bankruptcy proceedings, the Chapter 7 Trustee, Terry Dershaw ("Trustee"), issued the IRS a subpoena for documents related to the investigation. After the IRS refused to comply with the subpoena, the Trustee filed a motion to compel compliance in the Bankruptcy Court. The Bankruptcy Court granted the motion, and ordered the IRS to produce a document index.

     Presently before this Court is the IRS's appeal from the Bankruptcy Court's order to produce a document index to the Trustee. For the reasons set forth below, I find that I lack jurisdiction over this matter, and I will dismiss the appeal.

xc. Legal

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed a Chapter 7 bankruptcy petition on January 21, 2015. During the investigation into the Debtor's assets and potential liabilities the Trustee served a number of third-party subpoenas, including one on the IRS requesting three separate categories of documents:

> All subpoenas [the IRS] issued between February 1, 2013 and June 24, 2015 in connection with [their] investigation of the tax liabilities, deficiencies, and/or delinquencies of [Debtor].
>
> Produce copies of all documents [the IRS] received from third parties in response to subpoenas they issued in connection with [their] investigation of the tax liabilities, deficiencies, and/or delinquencies of [Debtor].
>
> Produce copies of all documents . . . supplied to [the IRS] by [Debtor] or his attorney(s) in connection with [its] investigation of the tax liabilities, deficiencies, and/or delinquencies of [Debtor].

(Bankr. Record No. 124-1.)

The stated basis for the Trustee's document request from the IRS was a statement contained in Debtor's testimony from his debtor's examination under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") that addressed past payments to Debtor's company, Hotbox Media.[1] In this interview, the Debtor stated that in the course of an IRS investigation, he submitted all records about these payments to IRS Special Agent Joseph Keiper in "April or May" of 2014. At the time of the Debtor's Rule 2004 examination, the IRS had entered unsecured claims against his estate for tax deficiencies relating to his 2008 and 2013 federal tax obligations, and was investigating those from 2009 through 2012. (Id.) The Trustee claims this

---

[1] Rule 2004 examinations are court-approved interviews of any relevant entity (brought about by any party) to investigate "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

information is needed to "further the Trustee's investigation into the whereabouts of Debtor's assets." (Compl. ¶¶ 2-3; Trustee's Resp. at 2-4.)

Though the IRS received the Trustee's subpoena on June 29, 2015, it refused to produce any documents.  The IRS stated that it was "unable to provide any of the records requested because their release can reasonably be expected to interfere with IRS enforcement proceedings and would impair federal tax administration." (Bankr. Record No. 124-2.)  In supporting its position, the IRS cited Internal Revenue Code §6103(e)(7) ("§6103(e)(7)"), which states that "[r]eturn information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection . . . if the Secretary determines that such disclosure would not seriously impair Federal tax administration."  On September 1, 2015, the Trustee filed a motion in the Bankruptcy Court to compel production of the documents, arguing that the IRS should not be permitted to stand on a "blanket assertion of disclosure-exemption under §6103(e)(7)," and that, under Federal Rule of Civil Procedure 45, a party invoking privilege or protection must make the claim and describe the nature of the withheld documents in a manner that enables the parties to assess the claim. (Bankr. Record No. 124; Trustee's Resp. at 5.)

The IRS opposed the Trustee's motion to compel, again invoking the protections afforded under §6103(e)(7). In its brief in opposition, the IRS included a memo from Special Agent Keiper which stated that enforcement of the subpoenas "could reasonably be expected to interfere with enforcement proceedings, including information pertaining to the scope and limits of the investigation, and . . . to disclose the identity of those involved in the investigation and their respective testimony. This impairment is clearly identified in 6103(e)(7)." (Bankr. Record No. 149-2.)

Following hearings and supplemental briefings by the parties, the Bankruptcy Court granted the Trustee's motion to compel on January 6, 2016. The Bankruptcy Court rejected the IRS's argument that §6103 obviates its obligations to comply with Rules 26 and 45, and ordered the IRS to comply with its obligation under Rule 45(e)(2)(A)(ii). This Rule provides that a person withholding subpoenaed information under a claim of privilege must describe the nature of the withheld documents, without revealing the privileged information, so the parties can assess them. Relying on Rule 45, the Bankruptcy Court compelled the IRS to produce a detailed privilege log to the Trustee by February 12, 2016.  The detailed privilege log was to include a brief summary of the document's contents, the date it was prepared, the person who prepared the document, for whom it was prepared, the purpose in preparing the document, the privileges asserted with each document, and how each element of the privilege was satisfied. (Bankr. Record No. 164.) On February 1, 2016, the IRS filed this appeal of the Bankruptcy Court's order.[2]

---

[2] The Trustee notes in the response brief that the IRS did not file a motion for leave to appeal pursuant to Fed. R. Bankr. P. 8004(a)(2). This statute requires that a party appealing from an interlocutory order of a bankruptcy court under 28 U.S.C. §158(a)(3) file a notice of appeal with the bankruptcy court as prescribed by Rule 8003(a).

In addition, the IRS filed a motion in Bankruptcy Court to stay the order compelling production of the document index pending appeal to this Court. On April 6, 2016, the Bankruptcy Court denied the motion for stay pending appeal ruling that the IRS failed to cite legal authority for their argument indicating a likelihood of success on the merits. The IRS has also asked this Court to stay the Bankruptcy Court's order compelling production of the document index pending this appeal.

## II.    DISCUSSION

28 U.S.C. §158(a) governs this Court's jurisdiction to hear appeals from the Bankruptcy Court.   Subsection (1) of the statute grants the district court appellate jurisdiction over "final judgments, orders, and decrees," while subsection (3) allows the district court to exercise discretionary appellate jurisdiction of interlocutory orders.   The Trustee argues that I lack jurisdiction to entertain this appeal under §158(a)(1) because the Bankruptcy Court's order was not a final judgment, and that I should further decline to exercise discretionary jurisdiction under §158(a)(3).   I discuss these jurisdictional arguments in turn.[3]

In determining whether the Bankruptcy Court's order was a final judgment for purposes of §158(a)(1), I must first decide whether a rigid or flexible standard of finality applies.   See Segal v. Holber, 2014 WL 1123276, at *4 (E.D. Pa. Mar. 20, 2014). In bankruptcy cases, the United States Court of Appeals for the Third Circuit has considered finality in a more pragmatic and flexible way than in other cases. In re F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 103 (3d Cir. 1988); see also In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985). The relaxed finality standard for bankruptcy proceedings applies when an order implicates considerations unique to bankruptcy proceedings, while "orders that do not adjudicate specific adversary proceedings or require further factual development are governed by ordinary finality conceptions of routing litigation." In re Truong, 513 F.3d 91, 94 (3d Cir. 2008).

The central concern of this appeal is a subpoena served by the Trustee upon the IRS that relates to the Debtor's financial assets and obligations in planning and executing the Chapter 7

---

[3] The Government's briefs do not engage in either of the §158(a) analyses. In its reply brief, the Government argues only that a less stringent standard of finality should apply and that, since the enforcement of the subpoena is a separate, distinct dispute between the parties, the order is final. The Government relies upon In re Royce Holmes LP in supporting this argument. 466 B.R. 81, 86-88 (Bankr. S.D. Tex. 2012).

bankruptcy. Because this is an issue that is wholly unique to a bankruptcy proceeding, the relaxed standard of finality applies. Id.

The United States Court of Appeals for the Third Circuit has formulated and applied a four-factor test to determine whether an order should be considered final under the relaxed standard of finality. The factors considered are: (1) the impact on the assets of the bankruptcy estate; (2) the preclusive effect of the decision on the merits of potential future litigation; (3) the need for additional fact-finding on remand; and (4) the interests of judicial economy in hearing the appeal. Segal, 2014 WL 1123276, at *5; see also Commerce Bank v. Mountain View Village, 5 F.3d 34, 37 (3d. Cir. 1993); F/S Airlease II, 844 F.2d at 103-04; In re Meyertech, 831 F.2d 410, 414 (3d. Cir. 1987).

The first factor, the impact on the assets of the estate, is regarded as the most important factor in the analysis. In re Market Sqaure Inn, Inc., 978 F.2d 116, 120 (3d Cir. 1992). This factor points in favor of considering the order final and exercising jurisdiction over the appeal when the bankruptcy court's order is likely to affect the distribution of the debtor's assets, or the relationship among the creditors. In re Brown, 803 F.2d 120, 122 (3d Cir. 1986). The Trustee argues that this factor points away from finality because the order at issue merely requires the production of a document index, does not determine whether the documents will actually be produced, and thus does not directly impact the assets of the estate. I agree. Indeed, the appeal at issue, which deals only with the question of whether the IRS should be compelled to produce a detailed privilege log, is an action many steps removed from any monetary consequence or effect on the debtor's assets. As such, this first and most important factor weighs against this Court having jurisdiction over this matter.

The second factor, which addresses the question of whether deciding an appeal on the merits precludes further litigation, also points against exercising jurisdiction over this appeal. While an appellate ruling addressing the propriety of the Bankruptcy Court's order compelling the IRS to produce a detailed index of the requested documents could affect the enforcement of the subpoena, such a ruling would not curtail any future litigation surrounding the underlying bankruptcy proceeding.  In Segal, which considered whether the district court had jurisdiction over an appeal of a bankruptcy court order appointing counsel, the Honorable Judge Juan R. Sanchez reasoned that the issue of appointment of counsel is "'solely related to the conduct or progress of litigation before the Bankruptcy Court' and does not 'dispose of any discrete claim or cause of action.'"  2014 WL 1123276, at *6 (quoting Truong, 513 F.3d at 94).  Just as Judge Sanchez reasoned in Segal, the Bankruptcy Court's order here deals exclusively with subpoena compliance in the course of litigation before that court, and disposes of no discrete cause of action. For this reason, this factor points against classifying the Bankruptcy Court's order as final, and weighs against this Court having jurisdiction.

The third factor in the analysis, whether an appeal would ultimately require further fact-finding on remand, also weighs against considering the Bankruptcy Court's order as final.  See id. at *6. The Trustee points out here that "additional fact-finding is on the horizon because the IRS has not yet produced a document index," and such documents would have to be reviewed to determine the viability of the IRS's objection to complying with the subpoena. (Trustee's Resp. at 14.)  Indeed, because the IRS's principal argument is that they are subject to the privilege and protections of §6103(e)(7), any ruling on enforcing subpoena compliance would necessitate discovery into the content of the documents at issue, and would require an analysis of how

production of these documents might affect the IRS investigation. Given this need for additional fact-finding, this factor points against exercising jurisdiction over this appeal at this time.

Finally, with respect to the fourth factor, it is unlikely that exercising jurisdiction over this appeal would further the interests of judicial economy. For instance, the issue presented by this appeal could be mooted by the conclusion of the investigation into the Debtor, at which point the status of these documents will likely no longer be disputed. Accordingly, and despite having employed the relaxed standard of finality, I find that the IRS's appeal of the Bankruptcy Court's order to compel production of a detailed document list in satisfaction of the Trustee's subpoena does not meet the Court's finality criteria for §158(a)(1), and, as such, I lack jurisdiction over the IRS's appeal.

Having concluded that the Bankruptcy Court's order appealed to this Court is a non-final interlocutory order, I must now consider whether to exercise discretionary jurisdiction under §158(a)(3). Granting an interlocutory appeal is appropriate only where a party "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." In re Del. & Hudson Ry. Co., 96 B.R. 469, 472–73 (D.Del.1989), aff'd, 884 F.2d 1383 (3d Cir. 1989). While there are no clear statutory criteria for a §158(a)(3) analysis, the Third Circuit has used the factors in 28 U.S.C. §1292(b) to determine whether to invoke discretionary jurisdiction. Segal, 2014 WL 1123276, at *7; see also In re Bertoli, 812 F.2d 136, 139 (3d Cir.1987) (establishing the criteria set forth in §1292(b) as those informing an evaluation of §158(a)(3) discretionary jurisdiction). These factors are (1) whether a controlling question of law is involved; (2) whether there are substantial grounds for a difference of opinion as to the question of law; and (3) whether an immediate appeal would materially advance the termination of the litigation. Id. All three conditions must be met before a court may

certify an order for interlocutory appeal. <u>Finkel v. Polichuk</u>, 2011 WL 2274176, at *3 (E.D. Pa. June 8, 2011).

I will decline to exercise my discretion under §158(a)(3) to hear this interlocutory appeal. This is because an immediate appeal of the Bankruptcy Court's order compelling IRS compliance with the Trustee's subpoena will not materially advance the termination of the litigation in this matter, as it deals merely with the production of a detailed privileged log. As discussed above, while disposition of the appeal might settle this discovery dispute, it would not hasten the termination of the underlying bankruptcy proceedings. Accordingly, this appeal does not constitute one of the "exceptional circumstances" warranting the exercise of discretionary jurisdiction over an interlocutory order.[4]

## III.   CONCLUSION

For the reasons set forth above, this Court does not have appellate jurisdiction over this interlocutory appeal from an order from the Bankruptcy Court, and the appeal is dismissed.[5] An appropriate Order follows.

11|10|16 mail:
Dershaw McGrath
Coleman

---

[4] As I lack jurisdiction to hear this appeal, I need not entertain the other issues presented in this appeal, including whether sovereign immunity shields the IRS from compliance with the subpoena.

[5] The IRS has also filed a motion to stay their compliance with the Trustee's subpoena pending this appeal. Having dismissed this appeal for lack of jurisdiction, the motion to stay is now moot.